**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

KENDRICK BEECHAM

Plaintiff

v.

SHELL OFFSHORE INC.

Defendants

CAUSE NO.

**JURY DEMAND**

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Kendrick Beecham, complains of Defendant, Shell Offshore, Inc., and would respectfully show this Honorable Court the following:

**I.**

Plaintiff is a resident of Mississippi.

**II.**

Defendant, Shell Offshore Inc., is a Delaware corporation that does business in the State of Texas and throughout the United States and can be served through CT Corporation System Service 1999 Bryan St. Ste. 900, Dallas, TX 75201.

At all material times hereto, the SHELL AUGER was owned, manned, possessed, managed, controlled, chartered and/or operated by Defendant, Shell Offshore, Inc..

**III.**

Jurisdiction exists before this Court pursuant to 28 U.S.C. § 1332(a) in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds 75,000.00, excluding interest and costs.

**IV.**

Prosecution of this action in this district is proper under 28 U.S.C. § 1391.

**V.**

Plaintiff is a longshoreman, and brings this case pursuant to 33 U.S.C. § 905(b).

**VI.**

At all material times, Plaintiff was working as an employee of a third party, and was acting within the course and scope of his employment.

**VII.**

On or about April 1, 2016, Plaintiff was assigned to the SHELL AUGER. On that same date during his time off tour, Plaintiff was injured. As Plaintiff was headed to use the bathroom, he climbed down the ladder from his bunk bed and tripped over an unsecured drawer. The drawer was improperly designed and did not have a means of locking or otherwise securing itself. Due to rough weather conditions the drawer had opened unbeknownst to Plaintiff, while he slept. The area was also improperly lit and there was nothing plainly visible to warn Plaintiff of the open drawer where a clear walkway was supposed to exist.  As a result of the fall, Plaintiff was in immediate and intense pain.  Said injuries were caused in whole or in part by the negligence of Defendant, its agents, servants, equipment and/or employees and was also legally and proximately caused by the unseaworthiness of the Vessel.

**VIII.**

Defendant was negligent on the occasion in question and proximately caused Plaintiff's injuries. Specifically, Defendans:

- Failed to adequately supervise their crew;

- Failed to adequately train their crew;

- Failed to adequately instruct their crew;

- Failed to have adequate policies and procedures;

- Failed to have adequate safety policies and procedures;

- Failed to properly maintain their equipment and/or vessels;

- Failed to properly inspect their equipment and/or vessels;

- Failed to properly operate their equipment and/or vessels;

- Failed to provide adequate equipment;

- Failed to properly design the sleeping quarters;

- Failed to keep the walkways clear of tripping hazards;

- Failed to account for the weather conditions;

- Vicarious liability for the conduct of their employees;

- Violating applicable Coast Guard, OSHA, and/or BSEE rules and regulations;

- Failed to act and correct an open and obvious hazard;

- Failed to warn of a hidden or latent defect of which Defendants knew or should have known about, in the exercise of reasonable care;

- Failed to protect against hazards arising in areas or equipment that remained under Defendants' active control;

- Failed to intervene;

- Failed to implement, follow, and enforce proper safety procedures; and

- Other acts deemed negligent, negligent *per se*, and grossly negligent.

- At all relevant times, said vessel was unseaworthy.

## IX.

By reason of the occurrences made the basis of this suit, including conduct on the part of the Defendant, Plaintiff sustained severe bodily injuries. Plaintiff has suffered physical pain and mental anguish and, in reasonable medical probability, will continue to do so for the balance of his natural life.

## X.

As a result of the foregoing injuries, Plaintiff has suffered loss of wages in the past and a loss of earning capacity in the future and their earnings capacity have been impaired.

## XI.

Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable expenses in the future.

## XII.

As a result of the injuries sustained in the occurrence, Plaintiff has suffered in the past and will, in reasonable probability, continue to suffer permanent physical impairment.

## XIII.

Plaintiff is physically impaired as a result of injuries sustained. As a consequence he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

## XIV.

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

WHEREFORE, Plaintiff, Kendrick Beecham, prays for judgment against Defendant, in the amount of ONE MILLION FIVE HUNDRED THOUSAND DOLLARS ($1,500,000.00) along with pre and post judgment interest as allowed by law, all costs of court, and such other and further relief, at law and in equity, to which they may be entitled.

DATED: <u>May 13, 2016</u>

Respectfully submitted,

/s/   Sean O'Rourke
Sean E. O'Rourke (Tx. Bar # 24046547)
Southern District Id. No. 685220
SIMON-O'ROURKE LAW FIRM, P.C.
11550 Fuqua, Ste. 200
Houston, Texas 77034
Phone: 281-667-4081
Fax:   281-823-7482
E-Mail: sorourke@solawpc.com

**ATTORNEY FOR PLAINTIFF**